UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKAYLAH M. HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>Defendant. | Case No. 1:25-cv-00338-KES-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS AND THE LOCAL RULES<br><br>(Docs. 16, 19)<br><br>**7-Day Objection Period** |

**Relevant Background**

Plaintiff Mikaylah M. Hernandez ("Plaintiff") initiated this action with the filing of a complaint in state court against Defendant Mercedes-Benz USA, LLC ("Defendant") on January 31, 2025, before Defendant removed the case to this Court on March 20, 2025.  (Doc. 1).

On November 3, 2025, the parties filed a jointly executed notice of settlement.  (Doc. 14). Thereafter, the Court found good the extend the 21-day deadline for filing dispositional documents and, accordingly, directed the parties to file dispositional documents no later than February 2, 2026, and vacated all other case management dates, conferences, and filing requirements.  (Doc. 16) (citing Local Rule 160(b)).  The Court advised that because it "does not deem a failure to perform under a private settlement agreement to constitute good cause to delay disposing of a settled case, no further extensions of the filing deadline will be granted absent a timely showing of good cause

1

unrelated to the parties' performance." *Id.*

On the deadline to file dispositional documents, the parties filed a stipulated request for an additional 60-day extension of time to make the filing. (Doc. 17). On February 3, 2026, the Court denied the parties' request, finding that "[t]he cited grounds for an extension relate to the parties' performance under their settlement agreement, which does not constitute good cause for any extension." (Doc. 19). The Court ordered the parties to file dispositional documents no later than February 4, 2026, and admonished that any failure by the parties to timely comply with the order will result in the imposition of sanctions. *Id.*

As Plaintiff has failed to file dispositional documents or made any other filing explaining the delinquency, and the deadline to do so has passed, for the reasons below, the undersigned will recommend that the Court dismiss this action without prejudice.

**Governing Legal Standards**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Separately, Local Rule 160(b) provides that a party's "failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions." Local Rule 160(b).

**Discussion**

Here, Plaintiff has failed to comply with the Court's orders and Local Rules. Plaintiff has failed to file dispositional documents by the February 4, 2026, deadline and the time to do so has passed. There are no other reasonable alternatives available to address Plaintiff's failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiff's participation to prosecute the case and file dispositional documents as ordered following the parties' joint filing of a notice of settlement. (Docs. 14, 16). The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendant—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward but, instead, has failed to comply with this Court's orders, the Federal Rules of Civil Procedure, and the Local Rules, and by doing so, is impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on

their merits — also weighs in favor of dismissal.  *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262. Here, the Court's order cautioned: "Any failure by the parties to timely comply with this order will result in the imposition of sanctions."  (Doc. 19).

Because Plaintiff has failed to comply with this Court's orders and in so doing is failing to prosecute her case, the undersigned will recommend dismissal of this action.

**Conclusion, Order, and Recommendation**

For the reasons set forth above, **IT IS RECOMMENDED** as follows:

1. The Court DISMISS this action without prejudice for Plaintiff's failure to prosecute this action and to comply with the Court's orders and Local Rules.  *See* Local Rules 110, 160(b).

2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 7 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  Local Rule 304(b); *United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **February 5, 2026**                    _____

UNITED STATES MAGISTRATE JUDGE